IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GERALD J. BROWN, SR., )<br>)<br>Plaintiff, )<br>)<br>)<br>)<br>)<br>v. )<br>)<br>DELEK U.S. HOLDINGS, INC. d/b/a )<br>MAPCO EXPRESS, INC.; UZI )<br>YEMIN, CEO/PRESIDENT; KYLE )<br>BERRY, DISTRICT MANAGER; )<br>SARAH DOE, BENEFITS )<br>COORDINATOR, )<br>)<br>Defendants. )<br>)<br>)<br>) | Case No. 3:09-cv-0179<br>Judge Campbell/Brown<br>**Jury Demand** |

To: The Honorable Todd J. Campbell

**REPORT AND RECOMMENDATION**

Presently pending before the Magistrate Judge are the Defendants' Motion for Partial Judgment on the Pleadings, the Plaintiff's Motion for Voluntary Dismissal of some of his claims against the individual Defendants, and the Plaintiff's Motion for Declaratory Judgment Regarding Plaintiff's Employment Relationship with Defendant Uzi Yemin. (Docket Entries 24, 29, and 38). The Magistrate Judge has reviewed the parties' supporting memoranda and responses. (Docket Entries 25, 30, 34, 35, and 39). The Magistrate Judge also heard oral argument on the motions on October 20, 2009.

1

For the reasons stated below, the undersigned **RECOMMENDS** that the Defendants' motion for judgment on the pleadings be **granted in part** and **denied in part** and that the following claims **be dismissed**: (1) section 1981 claims as to all Defendants; (2) THRA retaliation claims against all Defendants; and (3) all claims against Defendants Yemin, Ploehn, and Berry.  The Magistrate Judge also believes that Plaintiff's request for a declaratory judgment as to Defendant Yemin (Docket Entry 38) should be terminated as moot.

## I.  INTRODUCTION

The Plaintiff, a resident of Nashville, Tennessee, brings this action under 42 U.S.C. § 2000e et seq., 42 U.S.C. § 1981, and 29 U.S.C. § 621 et seq., alleging that Defendants engaged in disparate treatment based on race, gender, and age.  Plaintiff further alleges violations of the Tennessee Human Rights Act ("THRA"), T.C.A. § 4-21-101 et seq., and seeks a declaratory judgment under 28 U.S.C. § 2201 et seq.  This action was referred to the Magistrate Judge on February 25, 2009, for report and recommendation on any dispositive motions.  (Docket Entry 4).

## II.  BACKGROUND

Plaintiff Gerald Brown, a 70-year-old African American male, was employed as a sales associate by Defendant Delek U.S. Holdings, Inc., d/b/a MAPCO Express, Inc. in Nashville, Tennessee, from February 2005 to approximately September 10, 2008.  (Docket Entry 17, ¶ 9). Plaintiff was terminated on or about September 10, 2008 for the alleged sexual harassment of a white female customer.  (Docket Entry 17, ¶ 15).

Plaintiff alleges that the sexual harassment claim is false and that he was actually terminated because Defendants discriminated against him based on race, sex, and age. (Docket

2

Entry 17, ¶¶ 30, 33, 42, 45). He further alleges that Defendants retaliated against him by opposing an award of unemployment compensation benefits for filing a claim for worker's compensation and for writing two letters to Defendant Uzi Yemin after he was terminated. (Docket Entry 17, ¶ 22). Plaintiff also seeks a declaratory judgment to determine whether Defendant Yemin, as President and CEO of Defendant Delek, has personal liability to Plaintiff. (Docket Entry 17, ¶ 54). Plaintiff is seeking an award of back pay and benefits; reinstatement (or front pay and benefits for two years); pre-judgment interest; and compensatory damages for public humiliation and embarrassment. (Docket Entry 17, ¶ 55).

Defendants filed their Answer to Plaintiff's Amended Complaint on June 10, 2009. (Docket Entry 23). Defendants filed their Motion for Partial Judgment on the Pleadings on June August 3, 2009, seeking to dismiss the Title VII race discrimination claims,[1] the THRA race discrimination and retaliation claims against all Defendants, the THRA age discrimination claims against the individual Defendants, the § 1981 claims against all Defendants, the declaratory judgment claim,[2] and the common law retaliation claim against all Defendants. (Docket Entries 24, 25).

Plaintiff filed his Motion for Voluntary Dismissal of some of his claims against the individual Defendants, and his Motion for Declaratory Judgment Regarding Plaintiff's Employment Relationship with Defendant Uzi Yemin on September 9, 2009. (Docket Entry 29). Plaintiff seeks voluntary dismissal of Defendants Ploehn and Berry under Federal Rule of Civil

---

[1] Plaintiff asserted his Title VII race claims against only Defendant Delek d/b/a MAPCO Express, Inc.

[2] Plaintiff sought declaratory judgment as to Defendant Yemin only.

Procedure 41(a)(2) with respect to the THRA race and age discrimination and common law retaliation claims. (Docket Entries 29, 30). Plaintiff has also filed a Motion for Declaratory Judgment Regarding Plaintiff's Employment Relationship with Defendant Uzi Yemin, which seeks the same relief as the Amended Complaint with regard to Defendant Yemin. (Docket Entries 38, 39).

### III. LEGAL DISCUSSION

#### A. Standard of Review for a Motion for Judgment on the Pleadings

A motion for judgment on the pleadings is proper where it is made "after the pleadings are closed, but within such a time as to not delay the trial." Fed. R. Civ. P. 12(c). The standard of review for a judgment on the pleadings is the same as that for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC*, 477 F.3d 383 (6th Cir. 2007). Thus, in reviewing a motion for judgment on the pleadings, the district court must view the complaint in the light most favorable to the plaintiff and take all well-pleaded factual allegations as true, as the moving party has the burden of proving that no claim exists. *Erickson v. Pardus*, 550 U.S. 89 (2007). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, although a complaint is to be liberally construed, the District Court need not accept a "bare assertion or legal conclusions." *Id. See also Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). When viewing the complaint under the above standards, to survive a motion to dismiss, a complaint must contain (1) "enough facts to state a claim to relief that is plausible,"

4

(2) more than "a formulaic recitation fo a cause of action's elements," and (3) allegations that suggest a "right to relief above a speculative level." *Twombly*, 550 U.S. at 555-56. In other words, "[t]o state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

**B. Analysis**

Upon review of the entire record, the Magistrate Judge believes the Plaintiff has failed to state a claim with respect to: (1) claims alleged under §1981 against all Defendants; (2) retaliation under the THRA against all Defendants; and (3) all claims alleged against the individual Defendants. The Magistrate Judge believes Defendant's request to dismiss the race discrimination claims under Title VII and the THRA should be denied. The Magistrate Judge further believes Plaintiff's request for declaratory judgment as to his employment relationship with Defendant Yemin is not needed, as all claims against Defendant Yemin are dismissed.

1. Section 1981 Claims Against All Defendants

Defendants seek to dismiss Plaintiff's claims for race discrimination under 42 U.S.C. § 1981. Section 1981 prohibits racial discrimination in private employment. "A person alleging a § 1981 violation must first establish that his employment terms vary from those which his employer accords to similarly situated white workers." *Long v. Ford Motor Co.*, 496 F.2d 500, 505 (6th Cir. 1974).

Racial discrimination in the making and enforcement of contracts is prohibited by § 1981. This "includes making, performance, modification, and termination of contracts and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42

5

U.S.C. § 1981(b). Plaintiff alleges that his eligibility for unemployment compensation is protected by § 1981 and that Defendants violated § 1981 by giving false testimony against Plaintiff at his unemployment compensation hearing and by delaying the issuance and delivery of Plaintiff's Separation Notice. (Docket Entry 17, ¶ ¶ 22, 23).

Unemployment insurance is a public policy provided for by statute and is funded by employers. *See* Tenn. Code Ann. § 50-7-102. Unemployment compensation is thus not a term of the contractual employment relationship. Employers and employees do not negotiate unemployment insurance prior to entering an employment relationship. In this respect, the right to unemployment compensation is similar to Social Security benefits and can be contrasted with medical or leave benefits provided by an employer as a term of employment. *See Chapa v. Peoples Gas Light & Coke Co.*, 1994 WL 323332 (N.D. Ill. June 27, 1994) ("[U]nemployment insurance is unrelated to the making, performance, modification or termination of the employment contract, and . . . is not a benefit, privilege, term or condition of the contractual relationship."). Defendants' alleged interference with Plaintiff's unemployment benefits is not actionable under § 1981. For this reason, the Magistrate Judge finds that Defendants' motion for judgment on the pleadings as to all § 1981 claims should be granted.

## 2. THRA Retaliation Claims Against All Defendants

Plaintiff alleges claims for retaliation under the THRA against all Defendants. Defendants argue that Plaintiff has failed to allege that he had engaged in protected activity that was related to his dismissal. For the reasons stated below, the Magistrate Judge agrees with the Defendants that these claims should be dismissed.

6

Under the THRA, it is discriminatory to "[r]etaliate or discriminate in any manner against a person because such person has opposed a practice declared discriminatory by this chapter or because such person has made a charge, filed a complaint, testified, assisted or participated in any manner in any investigation, proceeding or hearing under this chapter." Tenn. Code Ann. § 4-21-301(1). A prima facie case for retaliation under the THRA requires that the employee demonstrate "(1) that she engaged in activity protected by the THRA; (2) that the exercise of her protected rights was known to the defendant; (3) that the defendant thereafter took a materially adverse action against her; and (4) there was a causal connection between the protected activity and the materially adverse action." *Allen v. McPhee*, 240 S.W.3d 803, 807 (Tenn. 2007).

Plaintiff alleges that Defendants fired him on September 10, 2008 in retaliation for the worker's compensation claim he filed in July 2008 and for writing to Defendant Yemin on September 23, 2008 and October 8, 2008. (Docket Entry 17, ¶ 52). Neither of these activities is protected under the THRA. The THRA protects individuals from discrimination in employment based on the "individual's race, creed, color, religion, sex, age or national origin." Tenn. Code Ann. § 4-21-401(a). Employees who file worker's compensation claims are protected from retaliation under Tennessee law. *See Anderson v. Standard Register Co.*, 857 S.W.2d 555, 558 (Tenn. 1993); *Baines v. Wilson Co.*, 86 S.W.3d 575, 578 (Tenn. Ct. App. 2002) (noting that the "common law tort of retaliatory or wrongful discharge . . . [is] a limitation to the doctrine of at-will employment."). This protection, however, does not fall under the THRA. Filing a worker's compensation claim is not "oppos[ing] a practice declared discriminatory" by the THRA. *See* Tenn. Code Ann. § 4-21-301.

7

In his opposition to Defendants' Motion for Partial Judgment on the Pleadings, the Plaintiff seems to confuse retaliation with discrimination. (Docket Entry 30 at 5-6). Plaintiff essentially repeats his argument that Defendant Berry was motivated by Plaintiff's race in opposing an award of unemployment benefits. Plaintiff has simply not alleged that he engaged in a protected activity under the THRA.[3] The Magistrate Judge believes Plaintiff's claims for retaliation under the THRA should be dismissed.

### 3. Remaining Claims Against the Individual Defendants

Defendants also seek to dismiss all Plaintiff's claims against Defendants Yemin,[4] Ploehn, and Berry. Plaintiff has alleged claims against the individual Defendants for race discrimination and age discrimination under the THRA and common law retaliation.[5] Plaintiff is seeking voluntary dismissal, without prejudice, of the THRA race and age claims and the common law retaliation claims against Defendants Ploehn and Berry. For the reasons discussed below, the

---

[3] Even if Plaintiff had alleged that he engaged in protected activity under the THRA by filing a worker's compensation claim, he has not adequately alleged a causal connection between the filing of the claim and his firing. *See Austin v. Shelby Co. Gov't*, 3 S.W.3d 474, 480 (Tenn. Ct. App. 1999) ("[A] plaintiff must prevent evidence that his exercise of protected rights was causally related to his subsequent discharge.").

[4] The Magistrate Judge has considered Plaintiff's allegations against Defendant Yemin as an individual and not as Plaintiff's employer. Plaintiff's paycheck stubs and tax forms, submitted as Exhibit A to his Amended Complaint, indicate that his employer is MAPCO Express, Inc. and/or Delek, not Yemin. There is absolutely no evidence Yemin was his employer. He is the president of the holding company that does business as MAPCO, which employed the Plaintiff. The only connection alleged is that Plaintiff wrote Yemin two letters after he was fired, complaining about his treatment by MAPCO.

[5] The Plaintiff also alleges § 1981 claims and THRA retaliation claims against the individual Defendants. As discussed above, the Magistrate Judge believes the § 1981 and THRA retaliation claims should be dismissed as to all Defendants. Moreover, Plaintiff admits that there is no right to sue individuals for retaliation under the THRA. (Docket Entry 30, page 3).

8

Magistrate Judge believes all claims against Defendants Yemin, Ploehn, and Berry should be dismissed with prejudice.

As an initial matter, the Magistrate Judge notes that Plaintiff has essentially conceded the argument that there is no action against individuals for common law retaliatory discharge in Tennessee. (Docket Entry 30 at 2). The law is clear that a claim for retaliatory discharge cannot be asserted against a supervisor or co-worker or anyone other than the plaintiff's employer. *Baines*, 86 S.W.3d at 581-82 ("One of the required elements of a retaliatory discharge claim is that the plaintiff was an employee of the defendant at the time of the injury."). The Magistrate Judge believes that the claims against Defendants Yemin, Ploehn, and Berry for common law retaliatory discharge should be dismissed with prejudice.

Supervisors and co-workers generally have no liability under the THRA. *McNeail-Tunstall v. Marsh USA*, 307 F.Supp.2d 955, 974 (W.D. Tenn. 2004). The THRA, however, does permit "liability of individual defendants for aiding, abetting, inciting, compelling, or commanding an employer to engage in any discriminatory acts or practices." *Id.* (citing Tenn. Code Ann. § 4-21-301(2)). To assert a claim against a co-worker or supervisor under the THRA, the co-worker or supervisor "must encourage the employer to engage in employment-related discrimination or prevent the employer from taking corrective action." *Allen*, 240 S.W.3d at 807.

Plaintiff has made no allegation that any of the individual Defendants encouraged MAPCO to discriminate against him based on his race or age or prevented MAPCO from correcting any discriminatory behavior. Plaintiff does allege that Defendant Berry opposed an award of unemployment compensation to Plaintiff "in retaliation for Plaintiff's filing a workers

9

compensation claim." (Docket Entry 17, ¶ 22). However, Plaintiff fails to make any allegations that Defendant Berry or the other individual defendants aided or abetted his employer in discriminating against him based on his race or age. The Magistrate Judge therefore believes Plaintiff's claims for discrimination under the THRA against Defendants Yemin, Ploehm, and Berry should be dismissed.

       4. Claims for Discrimination Based on Race Under Title VII and the THRA

Plaintiff alleges that Defendants discriminated against him based on his race, violating Title VII, 42 U.S.C. § 2000e, et seq. and the THRA, Tenn. Code Ann. § 4-21-101, et seq. Defendants seek to dismiss these claims against all Defendants, arguing that Plaintiff has failed to sufficiently allege disparate treatment based on race. For the reasons described below, the Magistrate Judge believes the Defendants' Motion for Partial Judgment on the Pleadings should be denied as to these claims.

Title VII and the THRA are analyzed under the same legal framework. *See Wade v. Knoxville Util. Bd.*, 259 F.3d 452, 464 (6th Cir. 2001). To adequately allege a prima facie case for race discrimination based on circumstantial evidence, the Plaintiff "must prove four elements: (1) he or she was a member of a protected class; (2) he or she suffered an adverse employment action; (3) he or she was qualified for the position; and (4) he or she was replaced by someone outside the protected class or was treated differently than similarly-situated, non-protected employees." *DiCarlo v. Potter*, 358 F.3d 408, 415 (6th Cir. 2004). Defendants argue that Plaintiff has failed to allege that he was treated differently based on his race.

Most of Plaintiff's allegations of discrimination are centered on age and sex. Plaintiff alleges that a black female under the age of 40 was treated differently than him when she

received a customer complaint. (Docket Entry 17 at ¶ 13). Plaintiff does not allege that he was replaced by a non-black employee. (Docket Entry 17 at ¶ 16). Plaintiff does allege, however, that Defendant Berry spoke to him in a "derisive manner," saying, "What's up, Wildman!" (Docket Entry 17 at ¶ 10). He also alleges that he sensed or believed Defendant Berry was biased against him based on this comment and an argument about store policies. (Docket Entry 17 at ¶¶ 10, 12). While Plaintiff's Amended Complaint is admittedly not a model of clarity, the Magistrate Judge believes he has made allegations of race discrimination under Title VII and the THRA that contains "inferential allegations respecting all the material elements." *League of United Latin Am. Citizens*, 500 F.3d at 527. The Magistrate Judge has also considered that allowing discovery to go forward on this claim will not be unduly burdensome for Defendants, because the issues will be identical to the age and sex discrimination claims.

## IV. CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that the Defendants' motion for partial judgment on the pleadings be **granted** in part and **denied** in part and that this action **be dismissed** as to the following claims:(1) section 1981 claims against all Defendants; (2) THRA retaliation claims against all Defendants; and (3) all claims against Defendants Yemin, Ploehn, and Berry. The Magistrate Judge believes that Plaintiff's request for a declaratory judgment as to Defendant Yemin (Docket Entry 38) should be terminated as moot.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have ten (10) days from receipt of any objections filed regarding this Report

11

within which to file a response to said objections.  Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation may constitute a waiver of further appeal of this Recommendation.  *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

ENTERED this  10th day of November, 2009.


Joe B. Brown
United States Magistrate Judge